UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIESHIA BOWIE and VANCE DOTSON, <br> Plaintiff, <br><br> v. <br><br> PHOENIX FINANCIAL SERVICES, LLC., <br> Defendant. | ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) Case No. 21-cv-01169-C <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT AND MEMRANDUM OF LAW IN SUPPORT

Plaintiff Vance Dotson and Tieshia Bowie respectfully requests that an entry of judgment by default be entered against Defendant Phoenix Financial Services, LLC., pursuant to Fed. R. Civ. P. 55(b). In support of this request, Plaintiff relies upon the record in this case and the memorandum of law in support submitted herein.

### I. Factual Background

On or about December 9, 2021, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, and false information and was denied. On her consumer report, Plaintiff observed a trade line from Defendant in the amount of $1,026, allegedly owed to Emergency Physicians of Mid. The

information provided by Defendant on Plaintiff's consumer report was inaccurate and false. Plaintiff disputed the alleged debt with Defendant via telephone. On or about September 27, 2021 Plaintiff filed 21-cv-00946-J WDOK. In the Plaintiff filed 21-cv-00946-J WDOK a Offer of Judgement was accepted on December 7, 2021. On December 9, 2021 Plaintiff checked her consumer report and noticed that Defendant was still reporting the trade line and failed to notate the trade line as being disputed and was reporting false dates to the consumer reporting agencies.

Defendant did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the trade line and notate it as disputed. As a result of the actions and inactions of Defendant, Plaintiff suffered damages, including but not limited to, mental anguish, emotional distress, denied credit, and offered credit with a much higher interest rate than what he would get with a higher score.

Plaintiff filed a Complaint against Defendant on December 13, 2021, in the United States District Court for the Western District of Oklahoma. (Dkt. No. 1) On the same day that Plaintiff filed its Complaint, the Court issued a Summons in a Civil Action which, in part, notified Defendant that it must, within twenty (20) days after service of Summons, file with the Clerk of Court,

and serve upon Plaintiff, an Answer to the Complaint. Defendant was served the Summons and Complaint on December 13, 2021. (Dkt. No. 5)

On or about January 03, 2022 Defendant requested time for extension and was granted 14 days. An answer was due in January 17, 2022 the time to answer has expired. (Dkt. No. 7)

## II. The Defendant Has Failed to Answer the Complaint or Otherwise Defend This Action and Plaintiff is Entitled to a Judgment By Default

Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within twenty (20) days of service of the latter. As noted above, the Complaint in this case was filed on December 10, 2021, and served upon Defendant on December 13, 2022. The Summons, issued by the Court and served upon Defendant together with the Complaint, notified Defendant of its obligation to file an answer with the Clerk of Court, and to serve a copy of the Answer upon Plaintiff, within twenty (20) days from the date of service. As of January 03, 2022, Defendant has requested more time but has not answered in due time which was January 18, 2022. To this date, Defendant has undertaken no defense in this matter.

Plaintiff recognizes that entry of default judgment against a defendant is a severe remedy. See, e.g., E.F. Hutton & Co., Inc., v. Moffatt, 460 F.2d 284 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly

served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987) (where party offers no good reason for late filing of answer, entry of default judgment appropriate); First City Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987) (default judgment appropriate where party served has failed to answer). Plaintiff would prefer that this case be decided upon its merits and has every confidence he would prevail at a trial. Since Defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against Defendant.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a judgment by default against Defendant Phoenix Financial Services LLC.

Respectfully submitted:

Date January 18, 2022

*Vance Dotson*
Vance Dotson Attorney-In-Fact 15 O.S. § 1014
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)

vancedotson@yahoo.com (email)

vancedotson@yahoo.com (email)