IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) TIESHIA BOWIE, *Pro Se*, and §
(2) VANCE DOTSON, *Pro Se*, §
　　　　　　　　　　　　　　　　§
　　Plaintiffs, §
　　　　　　　　　　　　　　　　§
v. § Case No. 5:21-cv-01169-C
　　　　　　　　　　　　　　　　§
(1) PHOENIX FINANCIAL §
SERVICES, LLC, §
　　　　　　　　　　　　　　　　§
　　Defendant. §

### DEFENDANT PHOENIX FINANCIAL SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Defendant, Phoenix Financial Services, LLC ("Phoenix"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Response in Opposition to Plaintiffs' faulty "Motion for Entry of Default Judgment." Phoenix timely filed its Motion to Dismiss for Failure to State a Claim and for Sanctions (Motion to Dismiss), R. Doc. 16, electronically via the Court's CM/ECF system at 7:56 PM CST on January 18, 2022, which was prior to the midnight deadline under the relevant extension order, Federal Rule of Civil Procedure 6, and the Court's Electronic filing Policies & Procedures Manual, Section II(A)(1)(f), governing Phoenix's deadline for responding to plaintiffs' complaint filed in this matter.

The timeliness of Phoenix's Motion to Dismiss is evident from a review of the record and the relevant Rules and Court Procedures, as set forth below, and the "Motion

1

for Entry of Default Judgment" is faulty in two other requests requiring the Court to deny it. Phoenix represents:

- On December 10, 2021, *pro se* plaintiffs filed their Complaint in this matter. **R. Doc. 1.**

- On December 15, 2021, *pro se* plaintiff Dotson filed a "Proof of Service" attesting to what he claims to be service on defendant Phoenix on December 13, 2021, via certified mail **R. Doc. 5.** Service, however, was faulty. The "Proof of Service" makes clear that service was made by mail sent by *pro se* Plaintiff himself. Plaintiff is not a proper party to serve process by mail. Fed. R. Civ. P. 4(h)(1)(A) provides that an entity such as Phoenix may be served within a judicial district in the manner prescribed by Fed. R. Civ. P. 4(e)(1) for serving an individual. Rule 4(e)(1) permits service in accordance with state law. Service by mail is provided for on an entity like Phoenix by Ok. Stat. T. 12 § 2004(b)(2)(a), but the summons must be served by mail by "the plaintiff's attorney [Dotson is not an attorney], any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection or by the court clerk." Those authorized to serve under § 2004(a)(1) are "sheriff or deputy sheriff, a person licensed to make service of process in civil cases or a person specially appointed for that purpose." *Pro se* plaintiff Dotson is neither an attorney nor any of the persons listed in § 2004. Thus, service was not proper.

- Nevertheless, even if service were proper when handled personally by a *pro se* plaintiff, under Fed. R. Civ. P. 12(a)(1)(A)(i), Phoenix's answer date initially

- would have been January 3, 2022, the twenty-first day following December 13, 2021.

- On January 3, 2022, however, Phoenix moved for an unopposed **14-day extension of time to plead** from January 3, 2022, until January 17, 2022, to respond to the Complaint, **R. Doc. 7**.

- On January 4, 2022, the Court granted by "Order Granting Defendant's First Unopposed Motion for Extension of Time to respond to Plaintiffs' Complaint," **R. Doc. 11,** Phoenix's Motion for Extension. That Order reads, "After considering [Phoenix's Motion] the Court hereby **GRANTS the Motion**. IT IS ORDERED that Defendant, Phoenix Financial Services, LLC, shall have until January 17, 2022, to respond to Plaintiff's Complaint." (emphasis added). The Motion that was granted requested a 14 day extension from January 3, 2022. The 14th day was January 17, 2022.

- According to Fed. R. Civ. P. 6(a)(6), January 17, 2022, was a "Legal Holiday" as the day set aside by statute for Martin Luther King Jr.'s Birthday.

- Pursuant to Fed. R. Civ. P. 6(a)(1) for computing any time period in a court order, when the period is stated in days, as Phoenix's granted motion was—14 days— the last day of the period is included unless it is a legal holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

- Here, the next day that was not a legal holiday after January 17, 2022, was January 18, 2022.

- Fed. R. Civ. P. 6(a)(4)(A) provides that, unless otherwise set by statute, local rule, or court order, the last day ends for electronic filing at midnight in the court's time zone.

- This is consistent with the Court's Local Rules, which in LCvR5.1 states that "[p]apers filed by electronic means shall be governed by the courts Electronic Case Filing Policies & Procedures Manual (ECF Policy Manual)." Section II(A)(1)(f) of the ECF Policy Manual provides that absent an assigned judge ordering that a document be filed by a time certain, "a filing must be completed before midnight Central time on the date it is due (excluding weekends, holidays, and days when the Clerk's Office is closed) to be considered timely filed."

- Here, there is no order or Chambers procedures—the case has been transferred to U.S. Judge Bernard M. Jones—requiring filing by a time certain.

- Therefore, filing 7:56 PM on January 18, 2022, as evidenced by Exhibit 1, the Notice of Electronic Filing, the day after the January 17th legal holiday is timely and plaintiffs are not entitled to entry of a Clerk's default.

- Finally, although plaintiffs are not entitled to entry of a Clerk's default, plaintiffs' motion asks for "judgment by default," something to which they would not be entitled in any event, even if Phoenix's filing were late, which it is not. *See* Fed. R. Civ. P. 55(a), (b).

WHEREFORE, Phoenix Financial Services, LLC, respectfully requests that the Clerk of Court, or the Court if appropriate, summarily dismiss and deny plaintiffs' Motion for Entry of

Respectfully Submitted,

/s/ *Charles R. Penot, Jr.*
Charles R. Penot, Jr.
*Admitted Pro Hac Vice*
SESSIONS, ISRAEL & SHARTLE, LLC
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: (214) 741-3009
Facsimile: (214) 741-3098
Email: cpenot@sessions.legal

Justin T. King, OBA No. 18745
King Law Firm
24 NE 53rd Street
Oklahoma City, OK 73105
Telephone: (405) 239-6143
Facsimile: (405) 378-4018
Email: king@king-lawfirm.com

*Attorneys for Defendant,*
*Phoenix Financial Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2022, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Oklahoma and served via email upon the following:

Vance Dotson, *Pro se*
Tieshia Bowie, *Pro Se*
*c/o* Vance Dotson
425 W. Wilshire Blvd, Suite E
Oklahoma City, OK 73116
Email: vancedotson@yahoo.com

    /s/ *Charles R. Penot, Jr.*
    Charles R. Penot, Jr.